## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**STEVEN GRATION,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0549** (BOR Appeal No. 2056160)
(Claim No. 2019010976)

**CONTURA ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven Gration, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Contura Energy, Inc., by Counsel H. Dill Battle III, filed a timely response.

The issue on appeal is an additional compensable condition. The claims administrator denied the addition of generalized anxiety disorder to the claim on March 4, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its December 29, 2020, Order. The Order was affirmed by the Board of Review on June 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Gration, an electrician, injured his left elbow, right knee, and back when he stepped in a hole and fell. The claim was held compensable for lumbar sprain, right knee sprain, and left elbow contusion on November 15, 2018. On June 4, 2019, Mr. Gration sought treatment from Life Strategies Counseling. He presented with a high degree of anxiety and depression due to his work-related injury and inability to work. He was diagnosed with generalized anxiety disorder and unspecified depressive disorder. On June 5, 2019, Jason Moore, MSW, LGSW, with Life Strategies Counseling, noted that Mr. Gration had excessive anxiety for the previous eight months. He recommended six months of treatment.

Mr. Gration returned to Mr. Moore on June 11, 2019, and reported a lot of anxiety surrounding his inability to work. He stated that he had been in constant pain for six months, was not sleeping well, and had little appetite. He rated his anxiety at a six out of ten. On June 28, 2019, Mr. Gration stated that he liked his job but not as much since the Upper Big Branch mine explosion. His anxiety was an eight out of ten. On July 2, 2019, Mr. Gration was upset because he had to delay treatment for his back and knee due to a heart issue. On July 9, 2019, it was noted that Mr. Gration was scheduled for knee surgery in a week and was concerned the surgery may not resolve his pain. On July 16, 2019, Mr. Gration stated he was having surgery the following day. He was very anxious about the future and his ability to work.

Treatment notes from Life Strategies Counseling dated August 6, 2019, indicate Mr. Gration was having nightmares about the Upper Big Branch mine explosion and was not sleeping well as a result. Mr. Gration had not had nightmares about the explosion for a while and was unhappy that they had returned. On August 15, 2019, Mr. Gration remained the same and reported a lot of anxiety. Mr. Gration reported that his knee was a bit stronger on August 20, 2019, but he still felt useless and unable to do anything. His anxiety was a six out of ten. Mr. Moore completed a psychotherapy treatment plan on September 8, 2019, in which he recommended an additional six months of treatment due to Mr. Gration's anxiety and depression from being unable to work.

On September 10, 2019, Mr. Gration told Mr. Moore that he had seen no improvement. He had started the paperwork to file for disability because he felt he had no choice due to his physical limitations. His anxiety was a six out of ten. On September 19, 2019, Mr. Gration stated that he was in the most pain he had been in since his injury. He believed that his life was as good as it was

going to get and stated that his physical discomfort caused stress. On September 24, 2019, Mr. Gration was discouraged because back injections provided no pain relief. Mr. Gration stated his anxiety was a seven out of ten, and he was very frustrated due to constant pain. Mr. Gration stated on October 10, 2019, that black lung testing caused an issue with his heart. He had to have a heart MRI and was very worried about his physical health. On October 22, 2019, Mr. Gration reported anxiety about his upcoming Independent Medical Evaluation. He also reported chest pain and a lot of stress about his claim. Treatment notes from Life Strategies Counseling indicate Mr. Gration was very frustrated following his Independent Medical Evaluation and reported his anxiety as a seven out of ten on October 31, 2019. On November 6, 2019, Mr. Gration reported that he was very discouraged. He was losing hope of ever returning to work and was frustrated with the workers' compensation process.

Mr. Moore completed a Diagnosis Update on January 14, 2020, requesting the addition of generalized anxiety disorder and unspecified depressive disorder to the claim. He stated that Mr. Gration had a high degree of anxiety and depression following the compensable injury and his inability to return to work as a result. In a February 3, 2020, Physician Review, Rebecca Thaxton, M.D., recommended that unspecified depressive disorder be added to the claim but opined that generalized anxiety disorder should be denied. She stated that continued psychiatric treatment would be reasonable. On February 10, 2020, the claims administrator added depressive disorder to the claim. The claims administrator denied a request to add general anxiety disorder to the claim on March 4, 2020.

A March 26, 2020, treatment note from Life Strategies Counseling indicated Mr. Gration had an upcoming elbow surgery scheduled. His knee surgery caused improvement for a while, but Mr. Gration still had constant back pain. Mr. Gration remained essentially the same on March 31 and April 7. On April 14, 2020, he stated that he was in a lot of pain since his injury and was stressed about the legal issues and paperwork surrounding his claim. On April 21, 2020, Mr. Gration was more anxious than usual due to the pandemic, and he reported that he was stressed from reliving the events of the Upper Big Branch mine explosion. He rated his anxiety as seven out of ten.

In an April 28, 2020, letter, Mr. Moore stated that during the initial consultation in June of 2019, Mr. Gration expressed a high level of anxiety due to multiple doctor's appointments and not knowing how his workers' compensation case would resolve. Further, Mr. Gration's physical pain exacerbated his anxiety. Mr. Moore opined that Mr. Gration required mental health treatment for his anxiety as well as his depression.

A. Faheem, M.D., performed an Independent Medical Evaluation on July 29, 2020, in which he noted that Mr. Gration reported symptoms of anxiety, depression, and post-traumatic stress disorder. Dr. Faheem diagnosed major affective illness, depression, and anxiety disorder. Dr. Faheem opined that Mr. Gration's depression was caused by multiple factors including his compensable injury. He opined that Mr. Gration had reached his maximum medical improvement but recommended that Mr. Gration taper down his psychological counseling. Dr. Faheem opined that the claimant's depression and anxiety could be related to the compensable injury. He assessed 4% impairment.

3

Mr. Gration testified in an August 5, 2020, deposition that he was still in counseling with Mr. Moore but that the sessions had not helped much. Mr. Gration stated that he saw a counselor for a year after the Upper Big Branch mine explosion. Mr. Gration stated that Mr. Moore treated him in part for nightmares caused by the mine explosion. Mr. Gration testified that he still had severe pain in his right knee and his back pain was worse. He did not have these issues prior to the work related injury.

The Office of Judges affirmed the claims administrator's rejection of the claim in its December 29, 2020, Order. It found that per West Virginia Code of State Rules § 85-20-F Appendix A, generalized anxiety disorder is not a compensable diagnosis unless the phrase "due to a general medical condition" is included and that general medical condition was the result of a work related injury. Dr. Faheem did not state in his Independent Medical Evaluation that Mr. Gration's generalized anxiety disorder was due to a general medical condition. He did opine that generalized anxiety disorder was related to the compensable injury but not that the condition was exclusively the result of the injury. The Office of Judges noted that the phrase "due to a general medical condition" could be considered a term of art. It stated that it reviewed the medical reports and concluded that it could not be fairly adduced that Mr. Gration's generalized anxiety disorder was the result of the compensable injury.

The Office of Judges found that there are several factors in Mr. Gration's life that led to his generalized anxiety disorder. He was affected by the Upper Big Branch mine explosion and required counseling. He has impairment from a prior back injury and has several medical conditions which cause him significant problems. Mr. Gration testified that the combination of all of his medical conditions prevent him from returning to work. Mr. Gration also has financial issues, and he and his wife are tasked with caring for her mother. Further, Mr. Gration has constant pain. The Office of Judges concluded that the combination of these factors resulted in his generalized anxiety disorder. However, it cannot be stated that the diagnosis is attributable to general medical condition. The Office of Judges therefore concluded that generalized anxiety disorder cannot be added to the claim. The Board of Review affirmed the Office of Judges' Order on June 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for an additional compensable condition is the same as for compensability. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Further, West Virginia Code of State Rules § 85-20-F Appendix A provides that

> "[t]he onset of the following diagnoses are, by definition, not significantly contributed to by a work-related injury unless the disorder ends in the phrase "due to a general medical condition" where the general medical condition is caused by the work related injury. Although these diagnoses may be present in an individual and these diagnoses should be considered in apportionment, unless specifically accepted in writing, these diagnoses should not receive an impairment rating."

As the Office of Judges found, the record does not support a finding that Mr. Gration developed generalized anxiety disorder as a result of the compensable injury. There are several factors in Mr. Gration's life that led to his anxiety disorder, and it cannot be said that the compensable injury was the sole cause of the generalized anxiety disorder.

Affirmed.

**ISSUED: April 5, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

Justice John A. Hutchison would set the case for Rule 19 oral arguments
Justice William R. Wooton would set the case for Rule 19 oral arguments

HUTCHISON, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.